**Percell L. MOORE, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 2063.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 30, 1957.

Decided Dec. 16, 1957.

Bruce R. Harrison, Washington, D. C., for appellant.

E. Tillman Stirling, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., Lewis Carroll and Fred Durrah, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired), sitting by designation under Code, § 11–776(b).

HOOD, Associate Judge.

About four o'clock one morning, four persons entered an apartment in which there were Consuella Jackson, her infant son, and a man named Proctor. The four persons entering were appellant who is a private detective, Consuella's husband, a woman named Smith and a photographer. As a result of the entry, and on complaint of Consuella Jackson, appellant was found guilty by a jury on a charge of unlawfully entering a private dwelling "against the will and without the consent or authority of the said Consuella Jackson the lawful occupant thereof."[1]

At trial Consuella Jackson's testimony was that the entry was against her will and with such force that she was injured and required medical attention. Appellant's testimony was that the entry was without force and without objection. This phase of the case clearly presented a question of fact for determination by the jury.

■ The error claimed on this appeal is the refusal of the trial court to submit another phase of the case to the jury. In the commencement of its charge the court told the jury:

"There is only one issue here, ladies and gentlemen of the jury, in this case: Was this entry unlawful?

"That is the only issue in the case. And for the purpose of this case I rule right now that she was, as I ruled before, that she was a lawful occupant of those premises at this time of this alleged unlawful entry."

When the charge was completed defense counsel objected, urging that one of the essential allegations to be proved was that the complaining witness was the lawful occupant; but the court refused to alter its charge.

■ The court was in error. One of the essential elements of the offense as charged was that the entry was against the will of one who was the lawful occupant; and the burden was upon the Government to prove each and every element of the crime beyond a reasonable doubt to the satisfaction of the jury. To establish that Consuella Jackson was the lawful occupant, the prosecution presented evidence tending to show that she was the tenant in possession of the apartment. To offset this, the defense introduced testimony of the rental agent that the apartment was rented to a Mr. and Mrs. Proctor. The court would have been justified in instructing the jury that if it found that the complaining witness was a tenant in possession, then she was the lawful occupant, but it was not justified in taking this issue from the jury and peremptorily instructing as a matter of law that she was the lawful occupant.

■ In conclusion it should be said that on the issue of lawful occupancy the defense took numerous untenable positions. For example, it tried to get the court to rule that if Consuella Jackson occupied the apartment under an alias, or occupied it for the purpose of having adulterous relations with Proctor, she was not a lawful occupant. There was no merit to these contentions. If, as the Government sought to prove, she was a tenant in possession, then she was a lawful occupant regardless of the purpose of her occupancy.

Reversed with instructions to grant a new trial.

1. "Any person who, without lawful authority, shall enter * * * any * * * private dwelling, * * * against the will of the lawful occupant * * * shall be deemed guilty of a misdemeanor * * *." Code 1951, Supp. V, 22–3102.